IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                    )
                                     )         CASE NO. BK09-82518-TJM
NEGUS-SONS, INC.,                    )
                                     )         CHAPTER 7
                   Debtor(s).        )

ORDER

Hearing was held on July 22, 2013, on the Chapter 7 trustee's applications for fees and expenses for accountants Michael S. Spence and Burr Pilger Mayer, Inc. (Fil. No. 383), special ERISA counsel Matthew J. Borror (Fil. No. 384), appraiser Richard J. Page (Fil. No. 385), accountants Laura Lawrence and Strain, Slattery, Barkley & Co. (Fil. No. 386), the Chapter 7 trustee's motion to approve payment to Milliman from assets of ERISA plans (Fil. No. 387), and objection by the Contractors, Laborers, Teamsters and Engineers Health and Welfare and Pension Plans (Fil. No. 388). David G. Hicks appeared for the debtor, Brian S. Kruse appeared for Chapter 7 Trustee Rick Lange, and M. H. Weinberg appeared for the Plans.

The objection is overruled.

As part of his duties in this case pursuant to 11 U.S.C. § 704(a)(11), the bankruptcy trustee has undertaken the administration and liquidation of two ERISA plans. Doing so has required the assistance of various professionals, whom the trustee now seeks authorization to pay. The proposed payments total $47,857.26. The union employees' health and welfare and pension plans object.

The union plans question this court's jurisdiction to rule on fees to be paid out of non-estate assets. The caselaw on that issue is "scant and inharmonious," In re Franchi Equip. Co., 452 B.R. 352, 356 (Bankr. D. Mass. 2011), with divergent analyses of the effect of the intersection of labor and bankruptcy law. In the reported cases, the United States Department of Labor takes the position that a bankruptcy court does not have authority to determine the use of ERISA funds.

Of the half-dozen reported cases, two essentially agreed with the Labor Department and held that the court lacked jurisdiction. In re AB & C Group, Inc., 411 B.R. 284 (Bankr. N.D.W. Va. 2009) (holding that the Bankruptcy Code does not authorize the court to award compensation from a source other than the bankruptcy estate); In re Mid-States Express, Inc., 433 B.R. 688 (Bankr. N.D. Ill. 2010) (holding that ERISA plan obligations are separate from the debtor's obligations and cannot affect the bankruptcy estate).

The other four cases have found core jurisdiction[1] because the trustee is serving as an ERISA administrator under the auspices of the Bankruptcy Code. Allard v. Coenen (In re Trans-Indus., Inc.),

---

[1] The court notes that all but one of the decisions were rendered pre-Stern v. Marshall, ___ U.S. ___, 131 S. Ct. 2594 (2011), which provided additional guidance on the core/non-core determination.

419 B.R. 21 (Bankr. E.D. Mich. 2009) (finding jurisdiction, *inter alia*, because 11 U.S.C. § 330(a)(3)(C) refers to administration of "the case," which is broader than administration of "the estate"); In re NSCO, Inc., 427 B.R. 165 (Bankr. D. Mass. 2010) (ruling that the duty imposed on the trustee by § 704(a)(11) should not be treated any differently than other § 704(a) duties); Franchi Equip., 452 B.R. 352 (noting that Congress could have maintained a wall of separation between bankruptcy and ERISA, but instead conferred the ERISA plan administration responsibilities on bankruptcy trustees); In re Robert Plan Corp., 439 B.R. 29 (Bankr. E.D.N.Y. 2010) (holding that a bankruptcy trustee acts as a plan administrator by operation of the Bankruptcy Code, so the bankruptcy court has jurisdiction over the trustee's requests to retain and pay professionals to assist him in his ERISA duties).

A subsequent decision in the Robert Plan case addressed the related and more specific issue of whether the bankruptcy court could order payment of the professional expenses from ERISA assets. In re Robert Plan Corp., 493 B.R. 674 (Bankr. E.D.N.Y. 2012). The court concluded that it could. The district court granted an interlocutory appeal of that order. The matter was briefed in May and is awaiting decision.

Absent contrary guidance from a higher court, this court is inclined to follow the line of cases favoring jurisdiction. The reasoning of those cases in finding that the trustee is acting under the authority of the Bankruptcy Code while carrying out his ERISA duties, and is therefore within the bankruptcy court's jurisdiction, is compelling.

The union plans also raise the issue of notice, or lack thereof, to the Department of Labor and the plan participants. With regard to the plan participants and beneficiaries, it is unclear how the union plans have standing to complain. The record does not indicate that members of the union plans are affected by the ERISA plans. The trustee, as ERISA administrator, is permitted to contract for professional services necessary for the operation of the plan as long as "no more than reasonable compensation is paid therefor." 29 U.S.C. § 1108(b)(2). There is no requirement that a plan fiduciary or professionals retained by a plan fiduciary obtain authorization from a court or any other entity or agency before taking fees from plan assets as compensation for their efforts. Robert Plan, 493 B.R. at 690. The beneficiaries' remedy under ERISA is to file a lawsuit again the trustee or the retained professionals if the beneficiaries believe the payments by the trustee violate his fiduciary duty. Id.

With regard to the lack of notice of this motion to the Labor Department, the trustee explained at the hearing that he is required to file annual reports with the Department, which are sufficient in his opinion to give the Department notice of and an opportunity to dispute the fees. The Department audits the reports in due course. If the requested fees have been paid and the Department later challenges their reasonableness, it could seek their disgorgement.

A fee disgorgement would shift the responsibility for payment of the fees to the bankruptcy estate. Although no interested party has objected to the necessity or benefit of the services provided to the case, § 330(a)(3)(C), the union plans are reluctant to allow the trustee access to a "blank check" from the estate. To assuage this concern, the trustee has offered to file a status report and serve it on the electronic notice matrix notifying interested parties if disgorgement is required and

setting forth his intention to use estate funds to make the payments to professionals. Parties could object at that time. If no objections were received, the court would authorize the payments. This is an adequate solution to the concerns raised.

Finally, the union plans object to the use of funds of the bankruptcy estate to pay expenses related to the ERISA plans, which are not estate assets. The amount in dispute is $3,412.50, which represents the portion of the fees for special counsel Borror attributable to the estate. All of the other requested fees and expenses are expected to be paid from the ERISA plans. No creditor has objected to the reasonableness or necessity of the compensation, and there is no question about the court's authority to award fees and expenses from the assets of the bankruptcy estate. Accordingly, the trustee's motions are granted.

IT IS ORDERED:

1. The objection by the Contractors, Laborers, Teamsters and Engineers Health and Welfare and Pension Plans (Fil. No. 388) is overruled.

2. The Chapter 7 trustee may immediately make the payments requested in the applications to pay fees and expenses.

3. Nothing in this order shall prevent the United States Department of Labor from challenging the fees and costs paid.

4. To the extent any of the fees and costs paid are required to be disgorged to the ERISA plans before the bankruptcy case is closed, said fees and costs may be paid from the debtor's bankruptcy estate. However, before such payment may be made from estate assets, the trustee shall file a status report and serve the electronic notice matrix. If no objections are filed within 14 days, the court will grant the request without further hearing.

DATED:    August 30, 2013

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    David G. Hicks
    *Brian S. Kruse
    M. H. Weinberg
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.